# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

CORNELIUS MADDOX,

        Plaintiff,

    v.                                                    Case No. 08-C-521

DONALD JONES, et al.,

        Defendants.

## DECISION AND ORDER

In this action, Plaintiff Cornelius Maddox alleges that the dental and medical staff at Green Bay Correctional Institution ("GBCI") were deliberately indifferent to his dental condition in July 2006. Both sides have now moved for summary judgment. For the reasons stated below, the Defendants' motion will be granted and the Plaintiff's denied.

The underlying facts are simple enough. Maddox saw Dr. Donald Jones, a GBCI dentist, for an extraction of Maddox's wisdom tooth on July 13, 2006. Dr. Jones tried to remove that tooth but ultimately concluded it would be more prudent to allow an oral surgeon to attempt removal, as the tooth's roots were spread widely apart. (DPFOF ¶ 35.) Dr. Jones prescribed ibuprofen for Maddox and scheduled him for the first oral surgery appointment at Dodge Correctional on August 11.

Maddox alleges that Dr. Jones was deliberately indifferent because Jones drilled a hole in his tooth that became infected. As the Defendants note, however, there is absolutely no evidence of infection in the record apart from Maddox's own say-so and the lay opinions of other inmates.

Dr. Jones states that there was no infection at the time, and when Jones saw Maddox again on July 25 for complaints of pain, the tooth was not infected at that time either. (Jones Aff., ¶ 20.) Similarly, when the tooth was ultimately extracted, there was no infection in evidence. (DPFOF ¶ 48.) Maddox's case ultimately relies on his own lay opinions about dental procedure and infection, and that is not enough to establish malpractice, much less deliberate indifference.

Moreover, even if Maddox had evidence of infection, that would not establish (or even hint at) deliberate indifference. Infections occur all the time, and the United States Constitution was not drafted and ratified in order to prevent them. Maddox was seen by a dentist on July 13, and then seen again on July 25 after the staff dentist returned and saw his dental service request. (There is apparently not a full-time dentist on staff.) He received pain medication and penicillin (which would presumably treat any infection), and he was seen by an oral surgeon the next month. In all, the record shows that Maddox received adequate dental care, and in fact the care he received exceeds that enjoyed by many citizens outside of prison. Even if Maddox's tooth became infected between his dental visits, there is no evidence that Dr. Jones was aware of that problem and failed to treat it. Accordingly, the claim against Dr. Jones will be dismissed.

Maddox also brings a claim against other staff members and supervisors relating to his pain prior to seeing Dr. Jones on July 25. On July 17 he submitted a dental service request ("DSR") relating to pain in his tooth. While it is not disputed that Maddox filed a DSR dated July 17, under the policy in effect at the time, such requests were not reviewed when no dentist was present. (DPFOF ¶ 41.) The Defendants state that medical emergencies were to be handled through HSU requests or oral complaints to guards. (Dkt. # 44, Ex. 1001 at 000013 (part 1 of 16)). Thus,

2

according to the Defendants, Maddox's DSR apparently sat unread until Dr. Jones returned to the prison a week later.

Although the DSR went into a kind of black hole, Maddox alleges he complained orally to one of the sergeants in his cell block, Sgt. Lautenberg. At the time, Maddox states that he was in pain and his mouth was swollen and emitting a foul odor of infection. Maddox observed the sergeant make a phone call, and according to Maddox, Lautenberg relayed the information to Defendant Bodart, the hygienist, that Maddox was in pain and his mouth was swollen, etc. (PPFOF ¶ 41, Maddox Aff., ¶ 9.) Bodart and HSU staff told Lautenberg that there was nothing HSU could do because it was a dental issue.

It is difficult to discern from the record whom exactly was contacted by Sgt. Lautenberg. But that is not important, however, because Maddox does not have evidence that he suffered a sufficiently serious medical condition during the week after he filed his DSR and complained to Lautenberg (i.e., the week before he was seen by Dr. Jones on July 25). As noted above, Dr. Jones found no evidence of infection. Jones states that if Maddox had actually had an untreated infection, it would have gotten worse during that week. (Jones Aff., ¶ 21.) As for pain, Dr. Jones prescribed ibuprofen, which Maddox had already been receiving from HSU staff. As such, it seems clear that even if Bodart or someone else had contacted a dentist on an emergency basis on July 17 or some time after, there would have been no change in Maddox's treatment. In other words, when Jones treated him on the 25th, there was no sign of a serious medical condition because Maddox's treatment was largely unchanged, and Maddox's own subjective beliefs cannot trump the

3

professional testimony of a trained medical professional. Accordingly, there can be no deliberate indifference on the part of any of the other defendants.[1]

For these reasons, the Defendants' motion for summary judgment is **GRANTED** and Plaintiff's motion is **DENIED**. The case is **DISMISSED**.

**SO ORDERED** this  15th  day of September, 2009.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1]Maddox also makes claims regarding the delay in being treated by the oral surgeon in August, but again these allegations fail because they are based solely on his own medical judgment.

4